### JONATHAN MILLS MANUF'G CO. v. WHITEHURST et al.

(Circuit Court, S. D. Ohio, E. D. December 1, 1894.)

#### No. 632.

JUDGMENT—RES JUDICATA—DECREE FOR ASSIGNMENT OF PATENT.

A decree of a court having jurisdiction, finding that the title to certain patents was held by a defendant in trust for a corporation, and that receivers of the corporation were entitled to have the patents assigned to them, ordered the making of such assignment, which was executed and delivered accordingly. Held, that in a subsequent suit for infringement of

one of such patents, brought by one claiming under said defendant with notice of the rights of the corporation and the receivers, such decree and assignment were a complete defense, although in the bill on which the decree was rendered said patent was not specifically mentioned, it being within the general averments of the bill.

This was a suit by the Jonathan Mills Manufacturing Company against M. C. Whitehurst and others for infringement of letters patent No. 267,098, issued to Jonathan Mills November 7, 1882, for improvements in machines for bolting flour. A decree for complainant was rendered (56 Fed. 589), but, on petition by defendants, a rehearing was granted (60 Fed. 81), and proofs were taken under the order for a rehearing.

At the original hearing of the case complainant based its title to the patent in suit on certain assignments and other instruments in writing, which were described in the opinion rendered on such hearing as follows:

On the 23d day of January, 1883, Jonathan Mills, the patentee, assigned all his right, title, and interest in and to the patent in suit to the Phoenix Foundry & Machine Works, a corporation having its home office and principal place of business at Terre Haute, Ind. On the 18th of December, 1883, the Phoenix Foundry & Machine Works, "in consideration of $1,000 cash in hand paid, and for a note for $1,000, due in six months, made by Jonathan Mills to the Phoenix Foundry & Machine Works," agreed, in writing, to assign to Myron W. Clark the patent in suit, and certain other patents and rights and personal property. It was stipulated in the agreement that Clark should sell "the said property," and apply the proceeds—First, to the payment of $1,000 to Mills; second, to the payment of said note made by Mills; and, third, to pay to Mills any balance or surplus. Then follows a provision that no liability shall attach to Clark, excepting that Clark should sell "the said property," and account for proceeds of sales, and the Phoenix Company, "in assigning said property, guaranties no value thereto." This contract is signed by the Phoenix Company and by Clark. Subjoined is a declaration, signed by Clark and by Mills, that Clark holds the property as trustee for Mills, and as security for the payment of $1,000 due him by Mills, and to be retained from the proceed of sales, which, however, were not to be made within six months without his consent. Then follows the substitution on the 21st of June, 1884, by Mills, of George T. Smith for Clark as trustee. Meantime, on the 20th of December, 1883, Clark had assigned to Smith, in consideration of $1,065, the patent in suit, and certain other patents included in the assignment to him by the Phoenix Company, but not still other patents and certain personal property included in said assignment. On the 15th of August, 1892, Smith, in consideration of $100, assigned the patent in suit to Charles Wardlow, of Columbus, Ohio, and, on the next day, Wardlow, in consideration of one dollar and other valuable considerations, assigned the same to the complainant. By an instrument in writing, not dated, but recorded in the patent office July 1, 1891, Jonathan Mills, in consideration of one dollar and other valuable considerations, assigns all his interest in said patent to the complainant. This assignment contains a stipulation that the complainant should pay 10 per cent. of all royalties collected by it "for infringements" to Mills.

The petition for rehearing alleged newly-discovered evidence, consisting of the decree of the circuit court of Wayne county, Mich., in which it was determined that the patent in suit was the property of the George T. Smith Middlings Purifier Company, and that George T. Smith had transferred the patent, which he held as trustee for said company, in fraud of the creditors. The petition also set forth that the assignment from Jonathan Mills to the complainant herein contained full notice of the rights of the George T. Smith Middlings Purifier Company, and that complainant was charged with such notice when it procured Smith to make the transfer of the patent in suit to Charles Wardlow, and from Wardlow to the complainant company. See 60 Fed. 81.

The petition also set forth that prior to the said transfer of Mills to the complainant company he had assigned all his right, title, and interest in the patent here in suit to the Cummer Engine Company, of Cleveland, Ohio, and that such assignment was dated March 13, 1884, and duly recorded in the United States patent office before the time the complainant's company had acquired any title to the patent.

The answer to the petition for rehearing denied that Smith held the patent in trust for the George T. Smith Middlings Purifier Company; denied that prior to the assignment to Wardlow he had attempted to assign any rights in the patent to his wife, Eliza B. Smith; denied that such assignment was filed in the patent office; and denied that Eliza B. Smith ever made any assignment to one Charles H. Plummer, or other person, of the patent in suit. The answer admitted that the suit was filed in the circuit court for the county of Wayne, Mich., by the receivers of the George T. Smith Middlings Purifier Company against Smith, his wife, and Plummer, as alleged in the petition for rehearing; admitted that the decree of the court upon full hearing and testimony in open court found that Smith did hold the title to the patent No. 267,098 in trust for the George T. Smith Middlings Purifier Company, did order that Smith reconvey the title to the receivers, or that the decree itself should operate as an assignment, transfer and release of all the right, title, and interest which either George T. Smith, Eliza B. Smith, or Plummer, or any of them, had in said patent at the time of filing the suit, to wit, August 13, 1890; but it insisted that said decree had no force and effect for the purpose of transferring said letters patent No. 267,098, because the said letters patent were not mentioned by name, date, and number in any allegations in the pleading in said cause, or upon any proofs taken in said cause. The answer further denied that Jonathan Mills did on March 15, 1884, and on February 1, 1886, assign all his right in the patent on which this suit is brought to the Cummer Engine Company, of Cleveland, Ohio, for the reason that said Mills had parted with all his right, title, and interest in said patent No. 267,098, and that said legal title was in George T. Smith; and alleged that said conveyance to the Cummer Engine Company was null and void and of no effect for that reason.

In support of the allegations of the petition defendants introduced in evidence certified copy of the decree of the Wayne county circuit court of Michigan, referred to in the petition for rehearing; also certified copy from the records of the United States patent office of the assignment from the Consolidated Middlings Purifier Company and the George T. Smith Middlings Purifier Company to Eliza B. Smith; also certified copy from the records of the patent office of the agreement between Eliza B. Smith and Charles H. Plummer, dated July 16, 1890; also certified copy from the records of the patent office of the assignment from Eliza B. Smith, George T. Smith and George W. Weadock, executor, to the receivers of the George T. Smith Middlings Purifier Company, which assignment was made in pursuance of the order of the Wayne county circuit court; also certified copy from the records of the patent office of the assignment from Jonathan Mills to the Cummer Engine Company, dated March 15, 1884; also copy from the records of the patent office of the agreement between Finch & Mills and the Cummer Engine Company, dated February 1, 1886; also certified copy from the records of the patent office of the contract between the Cummer Engine Company and J. C. Frazier, dated March 24, 1886; also certified copy from the records of the patent office of a digest of all the assignments, agreements, licenses, etc., relating to the patent on which this suit is brought.

Poole & Brown, for complainant.
George J. Murray, for defendants.

SAGE, District Judge. I have examined the proofs and briefs presented upon the hearing of the petition for rehearing. I find that the proofs support the averments of the petition. The decree in the Wayne county circuit court of Michigan in the suit of Rufus H. Emerson and Zenas C. Eldrid, receivers, against George

T. Smith et al. is conclusive upon the proposition that George T. Smith (under whom the complainant herein claims), held the title to the patent in suit in trust for the George T. Smith Middlings Purifier Company, and that the complainants in that suit, as receivers of said company, were entitled to have the same assigned and transferred to them for the interest of the creditors of the George T. Smith Middlings Purifier Company. The decree ordered that George T. Smith, with his wife, Eliza B. Smith, and one Weadock, forthwith execute and deliver to said receivers the patents involved in said suit, including patent No. 267,098, on which this suit is based. Said parties, and each of them, were by said decree perpetually enjoined and restrained from assigning, transferring, or in any manner disposing of or using any letters patent, licenses, applications, or patent interests mentioned or described in said decree, which remains to this day unappealed from and in full force.

It further appears from the proofs that the assignment ordered as above was executed and delivered by said George T. Smith, Eliza B. Smith, and Weadock to said receivers, of the several patents set forth in said decree, including said patent No. 267,098, on the 7th of June, 1893, and recorded June 16, 1893, in the records of the United States patent office. The complainant had full notice of the rights of said George T. Smith Middlings Purifier Company and of said receivers. The objection that the decree goes beyond the averments of the bill is not well founded. The bill set out a contract between said George T. Smith and the George T. Smith Middlings Purifier Company, by which it appears that said purifier company became vested with the entire right and title to patents therein enumerated, together with the right to an assignment and transfer to it of all other patents which said George T. Smith should thereafter procure for improvements in milling or mill machinery. Said contract was executed on the 25th day of April, 1878.

It is further averred in the bill that the complainants, by virtue of the terms and provisions of said contract, became entitled to all the patents held in the name of George T. Smith, and all the rights and interests in patents obtained by him in connection with other persons; that, when obtained, they in equity became the property and rights of the George T. Smith Middlings Purifier Company, and they so continued up to the date of the assignment; and, further, George T. Smith thereafter held the legal title to all said patents in trust, for said purifier company. The prayer of the bill is that the defendants George T. Smith and others be required to answer and set forth all the patents and patent interests of every character, not only of patents mentioned as being in his name, and in which he had an interest, but all applications for patents pending; and that George T. Smith be required to discover what other and further applications for patents he then had, either at that time or at the time of any assignment made by him. Patent No. 267,098 is not specifically mentioned in the bill, but the general averments quoted are ample to include it. It is, however, specifically mentioned in the decree and in the deed of assignment and transfer made in pursuance thereof, as above set forth. Even if it had been

mentioned in the decree, and not in the bill, and the decree were erroneous, therefore, in so far as it included that patent, it could not be attacked collaterally in this or any other court, the Wayne county circuit court having had jurisdiction of the subject-matter and of the person. I do not deem it necessary to consider the questions arising upon the transfer by Jonathan Mills to the Cummer Engine Company, deeming the decree of the Wayne county circuit court and the assignment made thereunder a sufficient and complete defense to the bill. The petition for rehearing is sustained, and the bill will be dismissed at the costs of the complainant.